No. 18

No. 19103—The Columbus Railway, Power & Light Company vs. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

973. PUBLIC UTILITIES COMMISSION —Not authorized by Motor Transportation Act to establish additional service except as provided in 614-91 GC.

ALLEN, J.

The Motor Transportation Act does not authorize the Public Utilities Commission of its own motion to establish additional service without notice and hearing as provided by Section 614-91, General Code.

Order reversed.

Marshall, C. J., Jones, Matthias, Kinkade and Robinson, JJ., concur.

No. 19

No. 19328—The Cannon Ball Transportation Co. v Public Utilities Commission. Error to The Public Utilities Commission.

799. MUNICIPALITY—Has jurisdiction to issue certificate of convenience and public necessity; and not Utilities Commission, when transportation company desires to operate line from point within city to geographical border of state, such city being located on said border.

MARSHALL, J.

Where an Ohio municipality is located upon the geographical border of the state and a motor transportation company desires to operate a motor service from a point within such city to such geographical border, the regulation of such service within such municipality rests with the municipal authorities and the public utilities commission has no jurisdiction to entertain an application for a certificate of convenience and necessity.

Order affirmed.

Day, Allen and Kinkade, JJ., concur.

No. 20

No. 19250—The State, ex rel, E. J. Darby, v. Walter Hadaway et al. Error to the Court of Appeals of Lorain County.

157. BOARD OF EDUCATION—Although authorized to transfer territory to another district upon petition of two-thirds of qualified electors of territory sought to be transferred; not required to transfer on petition signed by 75% of such electors.

MATTHIAS, J.

1. The mandatory provisions of Section 4696, General Code, have no application to centralized school districts.

2. Under the provisions of Section 4696, General Code, and of Section 4727, General Code, as amended April, 16, 1918 (108 OL. Part 1, 235), a board of education of a country school district is authorized to transfer territory from a centralized school district to another district upon the petition of two-thids of the qualified electors of the territory sought to be transferred, but it is not required to make such transfer though the petition therefor be signed by seventy-five per cent of such qualified electors.

Judgment affirmed.

Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson. JJ., concur.

No. 21

No. 19401—The State ex rel, Christopher Harrison, a Taxpayer, v. Myles E. Perry, as Coroner of Lorain County, Ohio. In Prohibition.

1017. REMEDIES—To prevent abuse of discretion by coroner in his exercise of quasi judicial duties, remedy lies in injunction and not prohibition.

DAY, J.

1. A writ of prohibition will not issue when a plain adequate remedy, either in law or in equity, is available to the applicant.

2. The duties of a coroner under the statutes are both ministerial and quasi judicial. To prevent an abuse of discretion in the exercise of the latter, the remedy is by way of injunction and not a writ of prohibition.

Writ denied.

Marshall, C. J., Jones, Matthias, Allen and Robinson, JJ., concur. Kinkade., not participating.

No. 22

No. 19197—George R. Hauser, Commissioner of Buildings, etc. v. State ex rel Arthur Erdman. Error to the Court of Appeals of Hamilton county.

1295. ZONING ORDINANCE—Where building permits "issued before the passage" of zoning ordinance were exempt from its provisions, duty of Building Commissioner to issue same and performance of this duty enforceable by mandamus.

JONES, J.

On January 31, 1924, the relator filed with the Building Commissioner an application for a permit with plans attached, to which no objection was made on the ground that the plans did not conform to the state and city building codes. There was pending at the time a zoning ordinance passed by the city council on April 1, 1924, but which did not become effective until May 4, 1924, two day's after relator's petition for mandamus was filed and the alternative writ issued and served. Since under section 452-90 of that ordinance, permits "issued before the passage" thereof were exempt from its provisions as therein provided, it became the duty of the Building Commissioner to issue the permit on relator's application and the performance of that duty may be enforced by mandamus.

Judgment affirmed.

Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.